### KROGER et v CLARK
### CLARK v KROGER et

Ohio Appeals, 1st Dist, Hamilton Co

Nos 4801 & 4802. Decided Dec 16, 1935

Harry H. Shaffer, Cincinnati, and Sol Goodman, Cincinnati, for Harry Clark.

Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, for Bernard H. Kroger.

### OPINION

PER CURIAM

This case was brought to this court from the Court of Common Pleas of Hamilton County both by way of appeal and error. We will dispose of the case as on appeal. The error case will be dismissed.

The parties will be referred to by their original titles.

The case was tried to the court without a jury in the Common Pleas Court, and in that court as well as in this court, no evidence was introduced by the defendants. The judgment of the Court of Common Pleas in favor of the defendants was entered on their motion at the close of the plaintiff's evidence, and as this case is in this court on appeal, the ruling must be made on their motion at the same point in this trial on the same evidence.

It is urged that in this case in which the

issues of fact are submitted to the court in passing upon a motion for judgment at the close of the plaintiff's evidence, the court should follow the rule that controls in passing upon a motion in a trial by jury for an instructed verdict and overrule the motion if there is substantial evidence on all the issues when construed most favorably in favor of the plaintiff. **Hamden Lodge, No. 517 v The Ohio Fuel Gas Co., 127 Oh St, 469.** The distinction between the two situations was pointed out and the question directly decided adversely to the contention of the plaintiff in the case of **The Euclid Arcade Building Co. v The Stahl Co., 99 Oh St, 47.** In that case the Common Pleas Court applied the rule applicable in a jury trial to a motion for an instructed verdict at the close of the plaintiff's evidence, and reversed the judgment of the Municipal Court in favor of the defendant, entered on motion at the close of the plaintiff's evidence. The Court of Appeals affirmed this judgment. On error to the Supreme Court that judgment was reversed, that court in stating the contention at page 48 saying:

"* * * it is claimed by counsel for plaintiff in error, and not denied by the other side, that these courts held that if there was a scintilla of evidence or a prima facie case made in the Municipal Court it was obligatory upon that court to deny judgment in favor of the defendant, even though a preponderance of the evidence was against the plaintiff at the time it rested its case."

And, at pages 49 and 50, in deciding the question saying:

"The trial of a law case to the court without the intervention of a jury is tantamount to the trial of a chancery case. If the plaintiff at the close of his case has offered no evidence upon a material fact required to be proved, or has offered evidence of such a character as to overwhelm any prima facie case made by him, common sense would require that at the instance of the defendant the litigation should be then terminated. There is no presumption that later in the trial the defendant would offer more substantial evidence in the plaintiff's favor than plaintiff himself offered."

See also: **39 Ohio Jur., 1195 and 1196.**

The transaction out of which the controversy eventually arose had its inception in a contract made on the 7th day of June, 1913, bewteen the plaintiff who at the time was an employe of the defendant, The

Kroger Grocery & Baking Company, and the defendant B. H. Kroger, who was a large stockholder of that company at that time. Under the terms of this contract the plaintiff was given the right to purchase ten shares of stock from the defendant B. H. Kroger for $1250.00, payable in the future and secured by the stock sold. Both the plaintiff and the defendant B. H. Kroger (he being called for cross-examination) testified to additional terms of the contract and documentary evidence was introduced bearing on that subject. There was a wide divergence in the testimony of those two witnesses and there were no other witnesses on the subject. There is no doubt from the testimony of each and both witnesses that there was a time limitation of five years that affected in some way the rights of the parties. The defendant B. H. Kroger testified that it was agreed that unless the plaintiff stayed with The Kroger Grocery & Baking Company for five years "The whole contract would automatically cease"; that during that period the plaintiff should not sell the stock and he (B. H. Kroger) should have the absolute right to repurchase the stock. It also clearly appears that in 1918 shortly after the plaintiff left the employ of The Kroger Company, this subject was under discussion between the parties. The plaintiff made a demand upon the defendant Kroger for the stock, and this demand was not complied with. This action was not filed until February 26th, 1931, and in his original petition the plaintiff alleged that the demand made in 1918 had been refused.

The defendants denied the terms of the contract as alleged by the plaintiff, and, in addition, pleaded the statute of limitations and laches.

If this case were considered here on error, we would not be justified in reversing the judgment, on the ground that it is manifestly against the weight of the evidence. Considering it on appeal, we reach the same conclusion on the evidence as was reached by the Court of Common Pleas. It is our opinion that the greater weight of the evidence is in favor of the defendants as to the terms of the contract which necessitates a finding in their favor and also that, assuming the contrary, the statute of limitations bars a recovery on any theory of the evidence, there being no evidence of a continuing and subsisting trust.

A decree may be presented in accordance with this opinion.

ROSS, PJ, MATTHEWS and HAMILTON, JJ, concur.